

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

6.

GERALD C. MANN
ATTORNEY GENERAL

*Montgomery Cop*

Honorable W. C. McClain
District Attorney
Conroe, Texas

Dear Sir:                    Attention:  Mr. Ned C. Wallace, Assist-
                                         ant

                    Opinion No. O-2350
                    Re:  Can the trustees of an independent
                         school district erect a swimming
                         pool, community house, tennis courts,
                         etc., for the recreational use of
                         the pupils within its district dur-
                         ing the school season and, through
                         the summer season under the super-
                         vision of the said school district
                         open such recreational facilities
                         to the use of the public and perhaps
                         charge a nominal fee for the use of
                         said swimming pool?

          Your letter of May 13, requesting an opinion of
this Department on the above question, has received our at-
tention.

          It is necessary that we first consider your ques-
tion as same contemplates the expenditure of available  school
funds for a recreational project, the units of which are in
the nature of permanent improvements, requiring considerable
sums to be appropriated annually in the operation and main-
tenance of said facilities, unless possibly, the revenues de-
rived from the use thereof, and authorized to be charged, are
sufficient to maintain and keep same in operation.

Honorable W. C. McClain, Page 2

We will not be so concerned herein with "tennis courts" and other like and analagous playground facilities, generally accepted as a part of the "physical" education of school children and there can be no question as to the trustees' authority in so providing for same, the expenditure for which is authorized to be made from proper available funds of the district. This brings us to that part of your request with which we are most concerned, to-wit, "swimming pools" and "community house".

We have carefully studied the case of Radeley vs. Trustees of Conroe Independent School District, 130 S. W. (2) 929, which case arose in your district, and numerous other authorities involving the expenditure of available school funds, including those submitted in your brief, and we are unable to find any expressed authority for the expenditure of available school funds for the erection of swimming pools or community houses.

Article 2827, Vernon's Civil Statutes provides, in part:

"The public free school funds shall not be expended except for the following purposes:

". . .

"2. Local school funds from district taxes, tuition fees of pupils not entitled to free tuition and other local sources may be used for the purposes enumerated for State and county funds and for purchasing appliances and supplies, for the payment of insurance premiums, janitors and other employees, for buying school sites, buying, building and repairing and renting school houses, and for other purposes necessary in the conduct of the public schools to be determined by the Board of Trustees, the accounts and vouchers for county districts to be approved by the county superintendent; provided, that when the State available school fund in any city or district is sufficient to maintain the schools thereof in any year for at least eight months, and leave a surplus, such surplus may be expended for the purposes mentioned herein. (Acts 1905, p. 263; Acts 1919, p. 189.)"

In the case of Adams vs. Miles, et al., 300 S.W. at page 313, the Court held that the effect of the above statutory provisions is to authorize the trustees to expend the school funds derived from local sources and the surplus from the state and county available school funds, for any and all the purposes enumerated, and for such other purposes as in the discretion of the Board of Trustees may be reasonably necessary in the maintenance and operation of the schools.

The court in approving the authority so vested in the trustees, by making the expenditures in the above cited case out of surplus funds, for the construction of and acquisition of living quarters for teachers found by the trustees to be reasonably necessary in the maintenance and operation of the schools, held that the authority was implied from general laws and further that the question was merely one of policy, of administration to be determined by the trustees. It will be noted however, that Article 2797, Vernon's Civil Statutes, authorizes bonds to be issued for the identical purpose of building a home for teachers, thus giving a legislative recognition of the possible existence of such necessity in certain common or independent school districts.

The general rule is that trustees of independent school districts possess only the powers expressly conferred by law or necessarily implied from the powers conferred. Article 2758, Vernon's Revised Statutes; Harlingen Independent School District vs. C. H. Page and Bro., (Com. App.) 48 S.W. (2d) 963, reversing (Civil Appeals) 23 S.W. (2) 829; Royse Independent School District vs. Reinhardt (Civ. App.) 159 S. W. 1010, error refused.

The case of Madeley vs. Trustees of Conroe Independent School District, supra, cited by you in your brief, possibly raises the question of using available school funds for the erection of the proposed improvements. This case, however, only concerns a particular expenditure out of a surplus existing in the maintenance school fund, and is not an authority on the question submitted.

Whether "swimming pools" or "community houses" can be erected by the trustees and paid for out of available school funds, is not a question upon which this department can render

an opinion. Many facts enter into the question of such units being upheld as "necessary in the conduct of the public school", such as the local needs and demand for their use as a necessary and accepted part of the school's curriculum and facilities. As the control of the public free schools of your district, and the expenditure of school funds are vested by the Legislature in the trustees, this Department is not in the position of such trustees, with knowledge of all facts essential to pass upon the question of whether the trustees can expend the available school fund for the erection of the above mentioned recreational units.

Your attention is respectfully called to the provisions of Article 2802e-1 Vernon's Revised Civil Statutes. Independent school districts, by the provisions of this article, are authorized to build or purchase buildings and grounds located within or without the district or city, for the purpose of constructing gymnasia, stadia, or other recreational facilities, by the issuance of revenue bonds in accordance with the provisions thereof. Under this law, as enacted by the Forty-sixth Legislature, the trustees of a school district are authorized to erect a swimming pool and a community house by the issuance of bonds, obligated to be paid wholly from revenues obtained through the operation of such swimming pool and/or community house. It appears, however, from an examination of this statute, that no bonds may be issued in accordance with the act after two years from March 25, 1939, its effective date. Article 2802e, supra, Section 1-7 inclusive, contemplates a reasonable charge and such facilities may be open to the public at all times except where its operations may conflict with their use for school purposes, with the trustees of the district having supervision and control of same.

You are therefore respectfully advised that it is the opinion of this Department, that the trustees of the Conroe Independent School District are expressly authorized to erect a swimming pool, community house, tennis court, etc., for the recreational use of the pupils within its district during the school season and; through the summer season under the supervision and control of the school trustees, open such

recreational facilities to the use of the public for which a reasonable fee is to be charged, under and by virtue of Article 2802e-1 Vernon's Revised Civil Statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WmJRK:ew

APPROVEDJUN 8, 1940

ATTORNEY GENERAL OF TEXAS

